IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| BALA BANGLES, INC., <br><br> Plaintiff, <br><br> v. <br><br> THE PARTNERSHIPS AND UNINCORPORATED ASSOCIATIONS IDENTIFIED ON SCHEDULE A, <br><br> Defendants. | No. 23-cv-16721 <br> Judge Franklin U. Valderrama |

**ORDER**

Plaintiff Bala Bangles, Inc. (Bala) creates, develops, distributes, and licenses fitness accessories. R. 8,[1] First Amended Complaint (FAC) ¶ 11. Bala sued numerous entities listed in Schedule A of its FAC for patent infringement, copyright infringement, and trademark infringement. R. 9, Schedule A. The Court granted an *ex parte* temporary restraining order and subsequently a preliminary injunction, enjoining the Defendants from selling the allegedly infringing products. R. 21, Temporary Restraining Order (TRO); R. 33, Preliminary Injunction Order (PIO). Before the Court is Defendant Blueocean Furniture's (Blueocean) motion to dismiss Bala's FAC for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6) and to vacate the preliminary injunction entered against Blueocean. R. 112, Mot. Dismiss. For the following reasons, Blueocean's motion is granted. The Court dismisses Bala's FAC against Blueocean without prejudice and vacates the preliminary injunction entered against Blueocean.

**Background**

"It has become commonplace in this district for holders of trademark and trade dress rights to file suits naming dozens, or even hundreds, of claimed infringers and counterfeiters, alleging that they are selling" counterfeit products online. *Patent Holder Identified in Exhibit 1 v. Does 1-254*, 2021 WL 410661, at *1 (N.D. Ill. Feb. 6, 2021). Typically, the plaintiffs seek an injunction and recovery of damages. *Id.* "In these lawsuits, the actual identities and locations of the sellers are unknown to the trademark holder because" the sellers may have used assumed names. The lawsuits

---

[1] Citations to the docket are indicated by "R." followed by the docket number or filing name, and, where necessary, a page or paragraph citation.

are typically filed against sellers whose assumed names are listed on an attachment to the complaint, usually called "Schedule A." *Id.* at *1–2.

Here, Bala uses the present case—styled as a "Scheduled A" case—to bring a lawsuit containing allegations of not just trademark infringement but also copyright and patent infringement against the "Schedule A" Defendants. FAC ¶ 4. Bala alleges that it is the lawful assignee of the federally registered design patent—U.S. Patent No. D888,167 (the '167 Patent)—and the lawful owner of numerous federally registered trademarks and copyrights. *Id.* ¶¶ 5–6. Bala further alleges that the "Schedule A" Defendants sell and/or offer for sale "unauthorized, inauthentic, infringing, and counterfeit products in connection with Bala's federally registered patent, trademarks, and/or copyrights." *Id.* ¶ 4.

Bala filed the initial complaint on December 13, 2023. R. 1, Compl. On December 18, 2023, Bala filed a First Amended Complaint and moved, *ex parte* to obtain a TRO. FAC; R. 17, Mot. TRO. On December 22, 2023, the Court granted the TRO. TRO. On January 19, 2024, Bala moved to obtain a Preliminary Injunction against all the "Schedule A" Defendants. R. 27, Mot. PI. On January 22, 2024, the Court granted the Preliminary Injunction against all the "Schedule A" Defendants and unsealed the list of "Schedule A" Defendants. PIO; R. 32, Min. Entry.

Blueocean was identified as Defendant No. 175 on Schedule A. Schedule A. Blueocean subsequently moved to dismiss the FAC[2] and vacate the preliminary injunction entered against Blueocean. Mot. Dismiss. The fully briefed motion is before the Court.

**Legal Standards**

I. Rule 12(b)(6)

A motion to dismiss under Rule 12(b)(6) challenges the sufficiency of the complaint. *Hallinan v. Fraternal Order of Police of Chi. Lodge No. 7*, 570 F.3d 811, 820 (7th Cir. 2009). Under Rule 8(a)(2), a complaint must include only "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). To survive a motion to dismiss, a complaint need only contain factual allegations, accepted as true, sufficient to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* The allegations "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. The

---

[2]In its Response, Bala voluntarily withdrew Counts II–V of the FAC against Blueocean. R. 115, Resp. at 1.

2

allegations that are entitled to the assumption of truth are those that are factual, rather than mere legal conclusions. *Iqbal*, 556 U.S. at 678–79.

## II. Preliminary Injunction

"TROs and preliminary injunctions are extraordinary and drastic remedies that 'should not be granted unless the movant, by a clear showing, carries the burden of persuasion.'" *Chen v. Partnerships and Unincorporated Associations Identified on Sched. A*, 2025 WL 47972, at *3 (N.D. Ill. Jan. 8, 2025) (quoting *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997)). Parties seeking such relief must show (1) they have some likelihood of success on the merits; (2) there is no adequate remedy at law; and (3) they will suffer irreparable harm if the court denies relief. *Ty, Inc. v. The Jones Group*, 237 F.3d 891, 895 (7th Cir. 2001); *see also GEFT Outdoors, LLC v. City of Westfield*, 922 F.3d 357, 364 (7th Cir. 2019).

"Courts in this district consider the same factors for dissolving a preliminary injunction as those applied when granting or denying it in the first place." *Hong Kong Yu'en E-Commerce Co. Limited v. Individuals, Corps., Ltd. Liab. Cos., P'ships, & Unincorporated Ass'ns Identified in Schedule "A" Hereto*, 783 F. Supp. 3d 1104, 1107 (N.D. Ill., 2025); *see, e.g.*, *Antsy Labs, LLC v. Individuals, Corps., Ltd. Liab. Cos., P'ships, & Unincorporated Ass'ns Identified on Schedule A Hereto*, 2022 WL 17176498, at *1–2 (N.D. Ill. Nov. 23, 2022). "'The court asks whether the expected cost of dissolving the injunction—considering the probability that dissolution would be erroneous because the plaintiff really is entitled to injunctive relief, and the consequences of such an error—[is] greater or less than the expected cost of not dissolving the injunction. If greater, the injunction should not be dissolved; if less, it should be.'" *Antsy Labs,* 2022 WL 17176498, at *2 (quoting *Centurion Reinsurance Co. v. Singer*, 810 F.2d 140, 143 (7th Cir. 1987)).

## Analysis

### I. Motion to Dismiss

First, Blueocean contends that the FAC fails to identify any accused product from Blueocean. R. 112-1, Memo. Dismiss. at 4. Second, Blueocean argues that Bala failed to plead compliance with 35 U.S.C. § 287(a) and Bala's claim for damages against Blueocean should be dismissed. *Id.* The Court starts with Blueocean's argument regarding identification of the accused product.

Blueocean argues that the FAC should be dismissed because Bala fails to identify a single infringing product from Blueocean in the FAC. Memo. Dismiss. at 4. "[F]ailure to identify a specific accused product is sufficient grounds for dismissal." *Id.* (citing *WirelessWerx IP LLC v. OnStar, LLC*, 2024 WL 1607018, at *9 (E.D. Mich., Apr. 12, 2024)). In response, Bala asserts, without citing any legal authority, that the

3

FAC "need only state a claim upon which relief can be granted" and that "Bala has met this burden" to state a plausible claim. Resp. at 3. Bala contends that it has provided Blueocean's "Internet store name and the link" thereto on Schedule A and provided details related to the '167 Patent in the FAC, which is sufficient to create a reasonable inference that Blueocean is liable for the alleged misconduct. R. 115, Resp. at 3. As an initial matter, by failing to cite any authority in support, Bala has waived the argument. *See Shipley v. Chicago Bd. of Election Commissioners,* 947 F.3d 1056, 1063 (7th Cir. 2020) ("Arguments that are underdeveloped, cursory, and lack supporting authority are waived."). Waiver aside, the Court disagrees with Bala's position.

As Blueocean correctly points out, nowhere in the FAC itself[3] does Bala identify a specific product from Blueocean that allegedly infringes on the '167 Patent. Merely providing an internet store name and a link instead of the name or the picture of the actual product that is allegedly infringing the '167 patent amount to bare allegations that the Federal Circuit has found insufficient to meet the plausibility requirements. *Artrip v. Ball Corp.*, 735 F. App'x 708, 715 (Fed. Cir. 2018) (affirming the lower court's grant of the alleged infringer's motion to dismiss because "the [plaintiff's] third amended complaint [did] not sufficiently identify, for example, by photograph or name, any of the particular machines that allegedly infringe other than by broad functional language.").

Accordingly, the Court finds, viewing the allegations of the FAC in the light moist favorable to Bala, that that Bala has failed to plausibly state a claim upon which relief can be granted. The Court therefore need not address Blueocean's alternative basis for dismissal.

## II.     Motion to Dissolve Preliminary Injunction

Because the Court grants Blueocean's motion to dismiss, the Court also grants Blueocean's motion to dissolve the preliminary injunction entered against Blueocean. The preliminary injunction, however, remains in effect as to the other remaining defendants.

## III.    Request for Sanctions

In its reply, Blueocean for the first time, asks the Court to sanction Bala and its counsel under Rule 11, 28 U.S.C. § 1927, and the Court's inherent authority. R.

---

[3]Bala argues that it has submitted evidence of Blueocean's infringement along with its TRO motion. Resp. at 3. Bala again cites no authority in support of the Court's consideration of this evidence on a motion to dismiss. *Id.* The Court declines to do so. *See Geinosky v. City of Chicago*, 675 F.3d 743, 745 (7th Cir. 2012). ("A motion under Rule 12(b)(6) can be based only on the complaint itself, documents attached to the complaint, documents that are critical to the complaint and referred to in it, and information that is subject to proper judicial notice.").

116, Reply at 1. Generally, courts will not consider an argument asserted for the first time in a reply. *See Narducci v. Moore*, 572 F.3d 313, 323 (7th Cir. 2009). Here, Blueocean has not advanced any explanation for its failure to raise this argument in its opening brief. Therefore, it would be patently unfair to Bala for the Court to consider this argument. Accordingly, the Court denies the request for sanctions against Bala.

## Conclusion

For the foregoing reasons, the Court grants Defendant Blueocean's motion [112] to (1) dismiss the FAC without prejudice, and (2) dissolve the preliminary injunction entered against Blueocean on January 22, 2024. The Court denies Blueocean's request for sanctions against Bala and its counsel.

Date: September 26, 2025

_____
United States District Judge
Franklin U. Valderrama